1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

### EASTERN DISTRICT OF CALIFORNIA

7

8

9

KENNETH LEE NOWLIN,

Plaintiff

10

11

v.

12

KNICKERBOXER, et al.,

Defendants.

CASE No. 1:11-cv-00388-SAB (PC)

ORDER DENYING PLAINTIFF'S
REQUEST FOR STATUS AS MOOT

ORDER DENYING PLAINTIFF'S
MOTION FOR COUNSEL

(ECF No. 21)

13

14

15

16

17

Plaintiff Kenneth Lee Nowlin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on March 7, 2011. (ECF No. 1.)  On August 1, 2013, Plaintiff filed a motion requesting a status update and for the appointment of counsel. (ECF No. 21.)

18

19

20

21

22

23

Generally, because of the Court's heavy caseload it does not provide status updates on cases.  However, the Court notifies Plaintiff that it received his service documents and his case is now in the service of process stage.  On July 25, 2013, the Court issued a service order directing the United States Marshal to serve the complaint on Defendants. (ECF No. 17.)  The deadline for service is November 25, 2013.  Accordingly, Plaintiff's request is now moot.  If the Plaintiff is requesting additional status information then this request is denied.

24

25

26

27

28

As to Plaintiff's request for counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

1   Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the

2   merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the

3   legal issues involved.  Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at

4   1331.  Neither consideration is dispositive and they must be viewed together.  Palmer, 560 F.3d at

5   970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.

6         In the present case, the Court does not find the required exceptional circumstances exist at

7   this time.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made

8   serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The

9   Court is faced with similar cases almost daily.  Accordingly,

10        IT IS HEREBY ORDERED that:

11        1.  The Plaintiff's motion for a status update is DENIED as MOOT; and

12        2.   Plaintiff's motion for the appointment of counsel is DENIED.

15   IT IS SO ORDERED.

17      Dated:   **August 21, 2013**
         _____
         UNITED STATES MAGISTRATE JUDGE

2