# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE NOWLIN,<br><br>                   Plaintiff,<br><br>          v.<br><br>KNICKERBOXER, et al.,<br><br>                   Defendants. | Case No.  1:11-cv-00388-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 41] |

      Plaintiff Kenneth Lee Nowlin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Now pending before the Court is Plaintiff's motion for appointment of counsel, filed on March 25, 2014.  Plaintiff seeks counsel because he is a "[n]ewly convicted capital prisoner." (Motion, at 3.)

      This action is proceeding against Defendants Knickerboxer and Sullivan for a violation of Plaintiff's rights under the Eighth Amendment.

      Plaintiff contends, in part, that "[c]ounsel is especially important in this case, as the issues plaintiff presents in this complaint are integrally connected with the pending California state automatic appeal of his capital conviction.  The incident giving rise to plaintiff's complaint was admitted as aggravating evidence during the penalty phase of plaintiff's capital trial pursuant to California Penal Code section 190.3(c)."

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u>  (internal quotation marks and citations omitted).

The Court does not find exceptional circumstances present in the instant case.  Plaintiff initiated the instant action to challenge the institutional actions relating to the homicide which resulted in his capital sentence.  Plaintiff essentially seeks counsel based on any Fifth Amendment rights against self-incrimination which may arise from the proceedings in this civil action and impact the capital criminal proceedings.  The fact that Plaintiff has chosen to pursue and prosecute this civil rights action in relation to the actions of the homicide is of Plaintiff's own choice and such decision does not present extraordinary circumstances to justify the appointment of counsel in this action.  Plaintiff is always free to retain his own counsel to pursue his claims in this case.  Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **April 4, 2014**   _____
UNITED STATES MAGISTRATE JUDGE