# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE NOWLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>KNICKERBOXER, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00388-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 43] |

Plaintiff Kenneth Lee Nowlin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion for reconsideration of the Magistrate Judge's order denying Plaintiff's request for appointment of counsel, filed April 17, 2014. Defendants filed an opposition on April 21, 2014.

This action is proceed against Defendants Knickerbrocker and Sullivan for deliberately exposing Plaintiff to a serious threat to his safety by placing an inmate from a rival gang in Plaintiff's exercise pen, in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on November 25, 2013. On November 27, 2013, a discovery and scheduling order was issued.

On March 25, 2014, Plaintiff filed a renewed motion for appointment of counsel. (ECF No. 41.) The Magistrate Judge denied Plaintiff's motion on April 4, 2014. (ECF No. 42.)

1

Plaintiff seeks reconsideration of the Magistrate Judge's order and contends that the merits of Plaintiff's failure to protect claim under 42 U.S.C. § 1983 is deserving of counsel, Plaintiff is unable to articulate his claims, and Plaintiff is not equipped to litigate his § 1983 action. Plaintiff brings his motion pursuant to Local Rule 230(j) which states:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Plaintiff's motion for reconsideration must be denied. As an initial matter, Plaintiff fails to put forth any new facts or new circumstances that did not exist at the time of his initial motion. Local Rule 230(j)(3). Rather, Plaintiff merely restates the reasons he believes appointment of counsel is necessary.

As stated in the Magistrate Judge's April 4, 2014, order, Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the instant action, Plaintiff alleges that on May 11, 2009, he "was accused of murder on group at CCI[-Tehachapi] and elected to remain silent. Plaintiff alleges that he refused to cooperate with questioning about the murder. As a result, Plaintiff contends that prison officials have retaliated against him "in a hope that I break and tell on everyone." (ECF No. 10, at 3, citations omitted.) After Plaintiff refused to answer questions from Defendants Knickerbrocker and Sullivan regarding the murder, they told Plaintiff the information would be extracted "one way or another" and threatened to have him killed or hurt. (Id.) Plaintiff was then placed in an exercise cage, and one or both of the Defendants placed an inmate from a rival gang into the same cage, telling Plaintiff "you'll eventually talk." (Id.) Plaintiff and the inmate got into a fight which resulting in Plaintiff suffering cracked ribs, bruises, scratches, and a sore jaw. (Id.) Plaintiff was also pepper sprayed with four cans of mace. (Id.)

Plaintiff contends that he has "demonstrated that defendants knew of and disregarded a risk to his health and safety …." (Mot. for Recons. at 7.) Contrary to Plaintiff's assertion, at this stage of the proceeding, the Court cannot conclude that Plaintiff's claim is sufficiently meritorious to warrant the appointment of counsel, particularly given the conflicting accounts of Plaintiff's conduct during the incident in question as reflected in the evidence attached to his first amended complaint. (Contrast, Pl.'s Mot. for Recons. & Defs.' Opp'n.) To date, Plaintiff has demonstrated his ability to articulate his claims, and his claim that defendants knowingly placed him in a cell with an enemy is not complex. The fact that Plaintiff's instant civil rights action is tangentially related to an automatic unrepresented capital appeal does not make the instant case exceptionally complex.

Furthermore, the fact that Plaintiff is housed in secured housing because he murdered another inmate and has limited access to legal resources does not present extraordinary circumstances to justify the appointment of counsel. While Plaintiff's imprisonment and physical impairments may limit his access to legal resources, Plaintiff has not demonstrated that he is being

denied "reasonable" access to legal resources or other means of conducting legal research, or that he is subjected to burdens beyond those ordinarily faced by pro se plaintiffs such as himself. See Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 858 (9th Cir. 1985) ("[T]he Constitution does not guarantee a prisoner unlimited access to a law library.  Prison officials of necessity must regulate the time, manner, and place in which facilities are used.") (citations omitted).

Based on the foregoing, Plaintiff's motion for reconsideration of the Magistrate Judge's April 4, 2014, order denying his motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   May 9, 2014

SENIOR DISTRICT JUDGE